**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02985-WJM-MJW

ROY ALBERT KAHN,

    Applicant,

v.

CHARLES DANIELS,

    Respondent.

---

**ORDER ADOPTING AND AFFIRMING THE APRIL 2, 2012 RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 2, 2012 Recommendation by U.S. Magistrate Judge Michael J. Wantanabe (the "Recommendation") (ECF No. 25) that Applicant Roy Albert Khan's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be denied, and that the case be dismissed with prejudice. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.  BACKGROUND**

The facts relevant to a resolution of the Application for a Writ of Habeas Corpus are detailed in the Recommendation. Briefly, Applicant, a federal prisoner incarcerated at the United States Penitentiary in Florence, Colorado, proceeding *pro se,* commenced the present action pursuant to 28 U.S.C. § 2241 on November 16, 2011. (ECF No. 1.) Applicant asserts that his due process rights under the Fifth Amendment were violated at a disciplinary hearing, conducted by a Disciplinary Hearing Officer ("DHO"), where

Applicant was found to have concealed a cellular phone in his prison cell in violation of the Bureau of Prison's ("BOP") Prohibited Act Code.  (*Id*.)  Applicant seeks an order expunging the incident report related to the hearing, and the restoration of his good time credits.  (*Id*.)

On April 2, 2012, the Magistrate Judge issued his Recommendation that the Application for a Writ of Habeas Corpus be denied and that Applicant's case be dismissed with prejudice.  (ECF No. 25.)  On April 10, 2012, Applicant filed a timely Objection to the Recommendation.  (ECF No. 26).

For the reasons stated below, the Application for a Writ of Habeas Corpus is denied and Applicant's case is dismissed with prejudice.

## II.  LEGAL STANDARDS

### A.   Standard of Review

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

Further, in considering the Magistrate Judge's Recommendation in the instant case, the Court is also mindful of the Applicant's *pro se* status, and accordingly, reads his pleadings and filings liberally.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting

errors and other defects in the Applicant's use of legal terminology and proper English. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Applicant of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Applicant according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

**B.     28 U.S.C. § 2241**

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07-cv-02406, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Here, Applicant correctly filed the Application challenging the disciplinary hearing in the District of Colorado, where he was incarcerated at the time of filing.

## III.  ANALYSIS

The Magistrate Judge recommends that the Application for a Writ of Habeas Corpus be denied and that Applicant's case be dismissed with prejudice.  (ECF No. 25.)  Applicant objects to the Recommendation in its entirety and reiterates arguments that he made in previous filings with the Court.  (ECF No. 26.)  Because Applicant objects to the Recommendation in its entirety, the Court will review the Recommendation *de novo*.

Applicant argues that the disciplinary proceedings in question violated his Fifth Amendment right to due process because: (1) the DHO's finding was not supported by sufficient evidence; (2) the DHO improperly relied on false evidence; (3) the DHO failed to consider Applicant's statement; and (4) the sanction of loss of 40 days of good conduct time credit was improper.  (ECF No. 26.)

After thoroughly reviewing the April 2, 2012 Recommendation, the Court agrees with the Magistrate Judge that the Application for a Writ of Habeas Corpus be should denied and that Applicant's case should be dismissed with prejudice.

The Fifth Amendment's Due Process Clause provides certain minimum protections for inmates facing the loss of good time credits as a disciplinary sanction.  *See Wolff v. McDonnell*, 418 U.S. 539 (1974).  An inmate facing disciplinary sanctions must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action."  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67).

In order to support the loss of good time credits, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455.  This standard of proof is not demanding because "[a]scertaining whether this standard is satisfied does not require examination of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56.  Due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id*. at 457.  Instead, a disciplinary finding can be upheld on even "meager" evidence, as long as "the record is not devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*.

In the instant case, after thoroughly reviewing the Recommendation and considering the evidence in the record, the Court agrees with the Magistrate Judge that the DHO's decision meets the requirements of due process because it was supported by sufficient evidence.  (ECF No. 25 at 7) (citing *Hill*, 472 U.S. at 456).[1]  Similarly, Applicant's argument that the DHO allegedly relied on "false evidence" is unavailing, and the record indicates that the DHO considered Applicant's statement describing his version of the facts, and rejected it.  (*Id*. at 8, 9.)

Further, the maximum penalties that Applicant could face for a violation such as the one described above include: "[f]orfeit[ure of] earned statutory good time or non-vested good conduct time (up to 100%) . . . [and/or] [d]isallow[ance of] ordinarily between 50 and

---

[1]   Such evidence includes the written statement of a correctional officer, Applicant's Quarters History Assignment, and the statement of another inmate.  (*Id.*)

75% (27-41 days) of good conduct time available for year." 28 C.F.R. § 541.13 tbl. 3. Here, the DHO sentenced Applicant to 40 days forfeiture of non-vested good conduct time and 40 days disallowance of good conduct time.  Therefore, the DHO's sentence is permissible under 28 C.F.R. § 541.13, and Applicant is not entitled to relief on this claim.[2]

Accordingly, for the reasons described above, the Application for a Writ of Habeas Corpus is denied and Applicant's case is dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Applicant's Objection (ECF No. 26) to the Magistrate Judge's April 2, 2012 Recommendation is OVERRULED and the Recommendation (ECF No. 25) is ADOPTED in its entirety;

2. The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED; and

3. This case is hereby DISMISSED WITH PREJUDICE. Each party shall bear its own costs.

---

[2] Although Applicant argues that his administrative appeals were somehow prejudiced because the sanction of 40 days forfeiture of non-vested good conduct time was not included on the original DHO report, there is no evidence or indication that the result of his administrative appeal would have been different if such information were included on the original DHO report .

Dated this 20th day of July, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge